James BARTON Jr. *v.* STATE OF ARKANSAS

CR 74-1                               508 S.W. 2d 554

Opinion delivered May 6, 1974

*Harold L. Hall*, Public Defender for appellant.

[7]The complaint, and accordingly the allegations therein, is not a part of this record.

*Jim Guy Tucker*, Atty. Gen., by: *Richard Mattison*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was charged with first-degree rape and first-degree kidnaping. Ark. Stat. Ann. §§ 41-3401 and 41-2308 (Supp. 1973). The jury returned a verdict of guilty upon each charge and imposed a 99-year sentence for the crime of rape and a 20-year sentence for the crime of kidnaping. Two points for reversal are urged by the public defender.

First, the sufficiency of the evidence to support the rape conviction is questioned. The point is without merit. The prosecutrix, working alone in an office as a tax consultant, became suspicious of the appellant's conduct and succeeded in expressing her fears by telephone to her supervisor, who notified the city police. When the prosecutrix hung up the telephone, the defendant produced a pistol, forced her to accompany him to a nearby vacant building, and committed what the prosecutrix described as three acts of rape. The police arrived while the two were still in the building and testified at the trial that the defendant had a pistol and that the prosecutrix was nude. There was other corroborating proof that we need not detail.

Counsel for the appellant, citing *Mills v. United States*, 164 U.S. 644 (1897), insists that the prosecutrix's failure to make any outcry should be taken to indicate consent on her part. The short answer to that contention is that the woman was acting at gunpoint, from which the jury evidently found that her submission was not voluntary. Counsel also discusses certain minor time discrepancies in the testimony, but at most they raised an issue of credibility for the jury.

The second point for reversal relates to the admissibility of the appellant's statement to the officers. We find no error. The officers' explanation of the accused's rights was not deficient, as it was in *Moore v. State*, 251 Ark. 436, 472 S.W. 2d 940 (1971), where the explanation stated that a lawyer would be appointed for the accused if and when he went to court. Here the officers used a form which stated that "I have the right to talk with an attorney, either retained by me or appointed by the court, before giving a statement, and to have my attorney present when answering any questions." Thus

the defect that existed in *Moore* was not present in the case at bar.

Affirmed.